# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADAM DAVIS,

        Petitioner,

  v.                                              Case No. 09-C-838

UNITED STATES OF AMERICA,

        Respondent.

## ORDER DISMISSING PETITION

On August 31, 2009, Adam Davis filed a motion for postconviction relief under 28 U.S.C. § 2255. On February 2, 2005, petitioner was convicted after a jury trial in this Court of two counts of making false statements in violation of 18 U.S.C. § 1001. He was sentenced to 60 months imprisonment on December 5, 2008. On December 10, 2008, Davis appealed his conviction to the Seventh Circuit. His appeal is pending.

Davis provides a host of grounds in support of his § 2255 motion. These include claims that the Court was without jurisdiction, the prosecution failed to prove the *locus delicti* of his offenses, there was a defect in the affidavit attached to the complaint, the Court unconstitutionally sells "conviction bonds," the presiding judge is not an Article III judge and is not independent, Davis' Fifth and Sixth Amendment rights were violated, Fed. R. Crim. P. 6 is unconstitutional for allowing the prosecutor to keep the grand jury record, and the prosecution concealed exculpatory evidence, along with classified records.

Because the disposition of a direct appeal could render a § 2255 motion moot, district courts "should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances." *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (citing *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)). Davis has not alleged any extraordinary circumstances that require consideration of his § 2255 motion during the pendency of his direct appeal. His § 2255 motion will therefore be dismissed without prejudice because it is premature. As the Court does not reach the merits of Davis' claims, this order is not a decision on the legality of his detention for purposes of 28 U.S.C. § 2244(a). Thus, Davis may later file another § 2255 motion without it being a "second or successive" motion under 28 U.S.C. §§ 2244(b) and 2255(h). *See O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998) (Section 2255 petition returned to petitioner on the basis that no collateral attack could begin while appeal pending does not count as initial petition for purposes of statutory restrictions on second or successive petitions).

Accordingly, Davis' motion for postconviction relief under 28 U.S.C. § 2255 is **DISMISSED** without prejudice as premature.

**SO ORDERED** this   1st   day of September, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge